IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAUL PADILLA,<br>   *Plaintiff* | § § § | |
| -vs- | § § | EP-18-CV-00285-RFC |
| ANDREW SAUL, COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION¹;<br>   *Defendant* | § § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On July 23, 2015, Plaintiff filed an application for DIB alleging a disability onset date of March 16, 2015. (R:159). Plaintiff's application was denied initially on November 12, 2015, and

---

[1] Plaintiff brought this action against Nancy A. Berryhill in her official capacity as Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of the Social Security Administration. *See* SOCIAL SECURITY ADMINISTRATION, https://www.ssa.gov/agency/commissioner.html (last visited July 16, 2019). Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is automatically substituted as a party in this action. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

upon reconsideration on February 4, 2016. (R:90–93, 96–98). On July 12, 2017, a *de novo* hearing was held before an administrative law judge ("ALJ") (R:35–67), and the ALJ issued an unfavorable decision on December 21, 2017, denying benefits. (R:18–29). The Appeals Council subsequently denied Plaintiff's request for review on August 1, 2018. (R:1–3).

## ISSUES

Plaintiff presents the following issue for review:

1. Whether the ALJ erred in formulating Plaintiff's residual functional capacity ("RFC").

(ECF No. 20).

## DISCUSSION

### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts

from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. Evaluation Process

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevent claimant from performing past relevant work; and (5) whether the impairment(s) prevent the claimant from doing any other work. 20 C.F.R. § 404.1520(4).

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps. Once met, the burden will then shift to the

Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Selders*, 914 F.2d at 618 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 16, 2015, the alleged onset date. (R:20). At the second step, the ALJ found that Plaintiff had the following severe impairments: diabetic retinopathy in both eyes, cataracts, loss of central visual acuity, non-insulin dependent diabetes, diabetic neuropathy, and obesity. (R:20). The ALJ also found Plaintiff's major depressive disorder to be non-severe. (R:20). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R:22).

Before the fourth step, the ALJ found that Plaintiff was capable of performing medium work. (R:23). Specifically, the ALJ found the following: Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently; Plaintiff can stand and/or walk about 6 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday; Plaintiff cannot work at unprotected heights; Plaintiff cannot work around dangerous moving machinery with open areas, conveyors, parts that can engage the body or body part of Plaintiff or fellow worker, or machines with blades or combustible parts; Plaintiff cannot climb ladders, ropes, scaffolds or stairs without banisters; Plaintiff is able to avoid ordinary work place hazards; Plaintiff cannot perform fine detailed work such as needlepoint; Plaintiff cannot have more than occasional exposure to dust, fumes, odors, gases, poor ventilation, or other pulmonary irritants; Plaintiff must be permitted to wear safety glasses to protect his eyes; Plaintiff cannot be required to more than occasionally

read book print or newsprint size font; and Plaintiff can frequently handle, finger, and feel with bilateral upper extremities. (R:23).

At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work. (R:27). At the last step, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (R:28). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 16, 2015, through the date of the ALJ's decision. (R:28).

C. Analysis

    a. **The ALJ Did Not Err in Determining Plaintiff's RFC**

Plaintiff's argues that the ALJ's RFC determination is not supported by substantial evidence.[2] Specifically, the ALJ failed to properly consider Plaintiff's subjective complaints and limitations regarding Plaintiff's ability to lift, carry, stand, and walk, and the ALJ should have considered Plaintiff's obesity in combination with other impairments in determining Plaintiff's RFC. (EFC No. 20:3–8).

    i. **Plaintiff's subjective complaints and physical limitations**

---

[2] Plaintiff briefly argues that the ALJ failed to properly develop the record by failing to make a request for expert testimony and/or failing to request further clarification from Dr. Beltran. (ECF No. 20:7). While the ALJ has a duty to develop the record *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), Plaintiff failed to sufficiently brief the argument. Furthermore, the ALJ left the record open post-hearing for additional evidence. (R:18). While Plaintiff submitted some additional evidence regarding his eyes (R:523–69), he did not submit any additional evidence regarding his diabetic neuropathy. Finally, based on the evidence submitted, the Court finds that the record to be amply developed and Plaintiff failed to show any prejudice. *See, e.g.*, *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) ("Brock point[ed] to no evidence that, had the ALJ developed the record further, would have been adduced at the hearing and that could have changed the result").

The ALJ is responsible for determining a plaintiff's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining a plaintiff's RFC, the ALJ must consider all of the medically determinable impairments—including non-severe impairments—as well as all of the relevant medical and other evidence. 20 C.F.R. §§ 404.1545(a)(2)-(3), 416.945(a)(2)-(3).

Further, pursuant to SSR 96–8p, the RFC assessment "must be based on all of the relevant evidence in the case record," such as the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication). As mentioned earlier, the ALJ found that Plaintiff was able to perform a limited range of medium work. The applicable regulations define medium work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 CFR §§ 404.1567(c), 416.967(c); *See also* SSR 83-10.

In support of his argument, Plaintiff first points to his testimony before the ALJ where he indicated that, due to his diabetes, his feet, hands, and legs get swollen and he feels tingling sensation and pain. (R:56–57). Further, Plaintiff testified that he has to lay down three to four times during the day for an hour or an hour and half each time. (R:57).

Second, in two separate Adult Function Reports filled out by Plaintiff, Plaintiff indicated multiple physical limitations that affect his daily life. (R:210–31, 251–260). Further, Plaintiff points to a letter drafted by Dr. Celina Beltran.[3] (R:511) In this letter, Dr. Beltran, from San Vicente Clinic, indicated that Plaintiff had severe diabetic neuropathy and the condition was

---

[3] While Plaintiff indicates that Dr. Beltran is his treating physician, Plaintiff does not argue that the ALJ erred by failing to give his treating physician controlling weight. (ECF No. 20). Thus, it is waived. *See United States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007) (indicating that an argument, only a single sentence long, without more, was deemed waived for inadequate briefing).

expected to be permanent. (R:511). Dr. Beltran also filled out standard disability forms from Sun Metro and from the Texas Health and Human Services Commission and indicated that Plaintiff had a disability. (R:512, 514, 517–18). The ALJ gave Plaintiff's testimony, Dr. Beltran's letter, and both disability forms little weight because they were inconsistent with the medical evidence of record and Dr. Beltran did not provide any objective evidence to support her disability opinion. (R:26–27).

The medical records, from San Vicente Clinic as recorded by Nurse Laura Marquez, support the ALJ's RFC determination. For example, on April 27, 2017, the latest physical examination on record, Nurse Marquez found that Plaintiff had no dizziness, fainting, or motor disturbances; Plaintiff was oriented to time, place, and person; Plaintiff had normal speech; and Plaintiff demonstrated no dysfunction in a motor exam. (R:478–79). Multiple physical examinations occurred before the April 2017 examination, and all of these examinations displayed similar results. (R:308–09, 312–314, 419, 422–23, 425–26, 431–32, 436–37, 483–86, 491–92, 496–97). The medical records from San Vicente Clinic consistently indicated that Plaintiff had no problems with his motor functions. Thus, while the ALJ found Plaintiff to have severe diabetic neuropathy at step two, substantial evidence supports the ALJ's RFC determination.

### ii. Plaintiff's obesity

Obesity should be considered in making Plaintiff's RFC determination and in considering Plaintiff's ability to perform work activities. *Hobbs v. Astrue*, 627 F. Supp.2d 719, 727 (W.D. La. June 10, 2009). While obesity is not a listed impairment, it can cause significant limitations and can reduce an individual's ability to work in combination with other ailments. *Beck v. Barnhard,* 205 F.App'x 207, 211 (5th Cir. 2006) (citing SSR 02–1p).

In this case the ALJ properly considered Plaintiff's Obesity. First, at step two, the ALJ found Plaintiff to have severe diabetic retinopathy, non-insulin dependent diabetes, diabetic neuropathy, and obesity. (R:20) Second, at step three, the ALJ "considered the effects of the claimant's diabetes mellitus, both alone and in combination with her [sic] other impairments." (R:22). Further, the ALJ indicated that she took Plaintiff's obesity into consideration in determining his RFC. (R:23). The ALJ specifically indicated that "[t]he standing, walking, lifting, carrying, and postural limitations in the residual function capacity are in part due to obesity." (R:23). In conclusion, the ALJ did not ignore Plaintiff's obesity, and her decision is supported by substantial evidence

## **CONCLUSION**

The Court concludes that the ALJ's RFC determination is supported by substantial evidence. Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 24th day of July, 2019.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE